NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KNIGHTS FRANCHISE SYSTEMS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>DIVYANG INVESTMENTS, LLC, et al.,<br><br>*Defendants.* | Civil Action No. 17-3850<br><br>OPINION |

**THIS MATTER** comes before the Court on Plaintiff Knights Franchise Systems' ("Plaintiff" or "KFS") motion for default judgment against Defendants Divyang Investments ("Divyang"), Jayantilal D. Patel ("J. Patel), and Rajubhai Patel ("R. Patel") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 7. For the reasons set forth herein, the motion is **GRANTED**.

### I. BACKGROUND

Plaintiff KFS is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1. KFS is a franchisor of guest lodging facilities. Id. ¶ 10. Defendant Divyang is a corporation organized and existing under the laws of Texas, where its principal place of business is located. Id. ¶ 2. Defendants J. Patel and R. Patel are the only known members of KFS and are citizens of the State of Texas. Id. ¶¶ 3-5.

On November 11, 2013, KFS entered into the Franchise Agreement with Divyang for the operation of a 70-room Knights guest lodging facility located at 802 North General Bruce Drive, Temple, Texas, Site No. 09924-04625-07 (the "Facility"). Id. ¶ 10. Divyang was obligated to operate the Facility for an initial three-year term, with options for renewal of additional three-year

terms. Id. ¶ 11. In addition, Divyang also agreed to make certain periodic payments to KFS for royalties, taxes, interest, system assessment fees, and other fees (collectively, "Recurring Fees"), to prepare and submit monthly reports to KFS disclosing the amount of gross room revenue earned during the preceding month for purposes of establishing the amounts of the Recurring Fees, and to maintain accurate financial information. Id. 12, 14-15. For all past due amounts payable to KFS, Divyang agreed to pay interest at the rate of 1.5% per month. Id. ¶ 13. Moreover, Divyang agreed that the non-prevailing party would pay costs and fees incurred in enforcing the Franchise Agreement. Id. ¶ 16.

Effective as of the date of the Franchise Agreement, J. Patel and R. Patel provided KFS with a Guaranty of Divyang's obligations under the Franchise Agreement. Id. ¶ 17. Pursuant to the Guaranty, J. Patel and R. Patel agreed, among other things, that upon a default under the Franchise Agreement, they would "immediately make each payment and perform or cause [Divyang] to perform, each unpaid or unperformed obligation of [Divyang] under the [Franchise] Agreement." Id. ¶ 18. In addition, J. Patel and R. Patel agreed to pay the costs, including reasonable attorneys' fees, incurred by KFS in enforcing its rights or remedies under the Guaranty or Franchise Agreement. Id. ¶ 19.

By letter dated September 16, 2016, KFS acknowledged that the Franchise Agreement would expire and terminate, effective October 31, 2016, and advised Divyang that it was required to pay to KFS all outstanding Recurring Fees through the date of termination. Id. ¶ 20, Ex. C. As the Franchise Agreement was entered into on July 3, 1998, the term expired on July 2, 2013. Id. ¶ 14.

On December 23, 2015, Plaintiff filed the instant Complaint. ECF No. 1. The Complaint contains five counts against Defendants: (1) an accounting claim for failure to permit KFS to

examine Divyang's financial materials; (2) a claim under the Franchise Agreement for failure to remit Recurring Fees to KFS; (3) an unjust enrichment claim for failure to remit Recurring Fees to KFS; and (5) a claim against J. Patel and R. Patel under the Guaranty for Divyang's failure to remit Recurring Fees to KFS. Compl. ¶¶ 21-36. Plaintiff seeks Recurring Fees in the amount of $92,074.26 as of November 6, 2017, inclusive of interest at the rate of 1.5% per month. Fenimore Aff. ¶¶ 12-13.

On August 8, 2017, service of the Complaint was made on the Defendants. ECF No. 5. On September 15, 2017, Plaintiff requested the entry of default, and the Clerk entered default on the same day. ECF No. 6. On October 11, 2017, Plaintiff filed the instant motion for default judgment against Divyang, J. Patel, and R. Patel. ECF No. 7. The motion is unopposed.

## II. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the

3

prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. ANALYSIS

### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendants. This Court has subject matter jurisdiction by virtue of diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and there is an amount in controversy exceeding $75,000. See Compl. ¶¶ 1-6. This Court has personal jurisdiction over Divyang based upon consent to jurisdiction in this district in Section 28 of the Franchise Agreement, which states that the company consented to "the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey for all cases and controversies." Id. ¶ 7. The Court has personal jurisdiction over J. Patel and R. Patel pursuant to the terms of the Guaranty, which provided that he was personally bound by Section 28 of the Franchise Agreement. Id. ¶ 8. Plaintiff also provided the Court with proof of personal service on Divyang, J. Patel, and R. Patel. See Executed Summonses, ECF No. 5.

### B. Liability

As Defendants have not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of KFS's well pled allegations as to liability. The Court is satisfied that Plaintiff has adequately pled a claim against Defendants for breach of contract.

To state a claim for breach of contract in New Jersey, a plaintiff must allege: (1) the existence of a valid contract between the parties; (2) that Defendant breached the contract; and (3) that Plaintiff suffered damages due to the breach. See AT & T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1999). Plaintiff has alleged that: (1) there was a contractual

4

relationship with Divyang based on the Franchise Agreement, see Compl. ¶¶ 10, 17; (2) that Divyang breached the Agreement by failing to make required payments of Recurring Fees, see id. ¶¶ 25-26; and (3) that Plaintiff suffered damages as a result of Divyang's breach, see Id. ¶¶ 27-28. Therefore, Plaintiff has sufficiently alleged that Divyang is liable for breach of the Franchise Agreement.

In addition, Plaintiff adequately pled the personal liability of J. Patel and R. Patel for Divyang's breach of the Franchise Agreement. The Guaranty provides that J. Patel and R. Patel would "immediately make each payment and perform or cause [Divyang] to perform, each unpaid or underperformed obligation of the Franchisee under the [Franchise] Agreement." Id. ¶ 18 . Under New Jersey law, "'[g]uaranty agreements are to be strictly construed.'" Mapssy Int'l, Inc. v. Hudson Valley Trading Inc., No. 08-3037, 2012 WL 4889229, at *4 (D.N.J. Oct. 11, 2012) (quoting Housatonic Bank and Trust Co. v. Fleming, 234 N.J. Super. 79, 560 A.2d 97 (App. Div. 1989)). J. Patel and R. Patel's agreement that "[u]pon default by Franchisee" they would "immediately make each payment and perform or cause Franchisee to perform, each unpaid or unperformed obligation of Franchisee under the Agreement" is unambiguous and fully enforceable. Therefore, J. Patel and R. Patel are personally liable for any damages incurred by Plaintiff for Divyang's breach of the Franchise Agreement.[1]

**C. Appropriateness of Default Judgment**

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the

---

[1] As the Court holds that Plaintiff has established a valid cause of action and is entitled to the extent of its requested damages under its breach of contract claim, the Court need not assess Plaintiff's alternative theories of liability.

absence of any responsive pleading and based upon the facts alleged in the Verified Complaint, Defendants do not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief. Finally, the Court finds that Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Couch Cert. ¶¶ 5-12; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiff has requested a default judgment in the amount of $92,074.26. Fenimore Aff. ¶¶ 12-13. This amount is calculated as of November 6, 2017, and consists of Recurring Fees that Plaintiff was entitled to under Section 3 and Schedule B of the Franchise Agreement, as well as interest in the amount of 1.5% per month pursuant to Section 3 and Schedule B of the Franchise Agreement. See id. ¶ 5-6. In support of its claim for damages, Plaintiff submitted an itemized statement setting forth the amounts of Recurring Fees due and owing from Defendants. See Fenimore Aff. Ex. D. This evidence satisfies the legal standard for damages. See, e.g., Knight[s] Franchise Sys. v. Paradise Motel, Inc., No. 14-4579, 2015 WL 3755069, at *2 (D.N.J. June 16, 2015) (holding that similar evidence of damages was sufficient for the entry of default judgment); Knights Franchise Sys., Inc. v. Gauri Shivam LLC, No. 10-5895, 2011 WL 2909321, at *3 (D.N.J. July 18, 2011) (same).

### IV. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for default judgment, Dkt. No. 13, is **GRANTED** and judgment shall be entered against Defendants in the amount of $92,074.26. An

appropriate Order accompanies this Opinion.

**Dated: April 30, 2018**

> */s Madeline Cox Arleo*
> **Hon. Madeline Cox Arleo**
> **United States District Judge**